UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WERONIKA JANCZUK,

                    Plaintiff,

        -against-

UNITED STATES OF AMERICA,

                    Defendant.

24-CV-3719 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, invokes the court's federal question jurisdiction and

brings this action against the United States of America. By order dated May 22, 2024, the Court

granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of

fees. The Court dismisses this action for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)

(holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the

level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is

'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is

based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

## BACKGROUND

Plaintiff invokes the court's federal question jurisdiction and names the United States as

the sole defendant in this action. She states that the events giving rise to her claims occurred in

"all places in New York" between "2010-present." (ECF 1, at 2.) Plaintiff leaves blank the

"facts" section of her complaint, and she requests the following relief:

> [0001] For the USA to immediately transport all corpuses of the type homeless - -
> where those corpuses are not both (a) housed in shelters and - - in pulling from
> previous lawsuit entered - - (b) mapping onto charts for psychiatric health and
> skykiographic authority with enough quantification that normative pursuit of
> constitutional life, liberty, and happiness - - from the streets and into facilities
> wherein they are governed by basic and human guaranteed access to resources for
> daily minimalism and then an automated algo for relief of behaviors and traumas
> in accord with the resources given, to be redesigned and refed.

> [0001-B] To evaluate and maintain evaluation of all quantitatively, including
> temporal consumption of resources and activities.

> [0002] For the USA to immediately evaluate and transport all corpuses and
> communities that would map onto some form of lifelong-guarantee for defunct
> into the same router as those corpuses above.

2

[0002-B] To evaluate and maintain evaluation of all quantitatively, including temporal consumption of resources and activities.

[0003] For the USA to contract with an independent nation-state or open territory for the lifelong router recipiency of corpuses that require movement, to lift spaces from sociologically-burdened energies and patterns.

(*Id.* at 2-3.)

Plaintiff further requests,

[0004] For the USA to attempt to adopt a new form of "child-limit" policy or a "child-purpose" standard or formative angular introit in American fertility standards, not by any form of numeric imposition or technological imposition - - ideally - - but by some form or natural and organic, psychiatrically-active and skykiographically-active, psychiatrically-healthy and skyiographically-healthy matrix built via imposition or quantitative standards that can then become a framework against which all persons refer for the quantification of social, cultural, musical, cultural [sic], artistic, technological, cognitive, and affective, ontological and infrastructural life, building in appropriately matrixed contingencies for all those dimensional decisions in nature and nurture studies and otherwise that might - - when released from their burden via economic principalities and otherwise, in accord with suits already entered - - lift medical and other forms of contextual burdens, wherein it is good to have babies if and when and as those babies are born for fully self-supported and independent and autonomous lives of a kind of infrastructural energy lived in engagement with reality and the nation-state and not as some form of product of sociological processes unmentored or unquenched by rigorous access to normative intervention.

(*Id.* at 3.)

## DISCUSSION

Plaintiff allegs no facts, but she seeks, among other relief, "lifelong router recipiency of corpuses that require movement, to lift spaces from sociologically-burdened energies and patterns," and a "new form of 'child-limit' policy or a 'child-purpose' standard or formative angular introit in American fertility standards." (ECF 1, at 3.) Plaintiff has pleaded no factual predicate in support of these requests, and there is no apparent legal theory on which she can rely to state a claim in connection with these requests for relief. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. Even when read with the "special solicitude" due *pro se* pleadings,

3

*Triestman*, 470 F.3d at 475, the complaint rises to the level of the irrational. Accordingly, a finding of frivolousness is warranted, and the Court dismisses this action as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## LITIGATION HISTORY AND WARNING

Court records show that in the past two months, Plaintiff has filed 20 other cases in this court, many of which also name the United States as a defendant. *See Janczuk v. Fed. Trade Comm'n*, No. 24-CV-3716 (LTS) (S.D.N.Y. May 20, 2024) (dismissed as duplicative); *Janczuk v. Inner City Press*, No. 24-CV-2385 (LTS) (S.D.N.Y. May 21, 2024) (dismissed for lack of subject matter jurisdiction); *Janczuk v. United States*, No. 24-CV-3754 (UA) (S.D.N.Y. filed May 14, 2024); *Janczuk v. United States*, No. 24-CV-3761 (LTS) (S.D.N.Y. filed May 10, 2024); *Janczuk v. United States*, No. 24-CV-3749 (LTS) (S.D.N.Y. filed May 10, 2024); *Janczuk v. United States*, No. 24-CV-3750 (LTS) (S.D.N.Y. filed May 9, 2024); *Janczuk v. Fed. Trade Comm'n*, No. 24-CV-3703 (UA) (S.D.N.Y. filed May 8, 2024); *Janczuk v. United States*, No. 24-CV-3717 (UA) (S.D.N.Y. filed May 8, 2024); *Janczuk v. United States*, No. 24-CV-3718 (LTS) (S.D.N.Y. filed May 8, 2024); *Janczuk v. United States*, No. 24-CV-3661 (LTS) (S.D.N.Y. filed May 7, 2024); *Janczuk v. United States*, No. 24-CV-3510 (LTS) (S.D.N.Y. filed May 2, 2024); *Janczuk v. United States*, No. 24-CV-3426 (UA) (S.D.N.Y. filed May 1, 2024); *Janczuk v. United States*, No. 24-CV-2150 (LTS) (S.D.N.Y. May 1, 2024) (transferred to the United States

District Court for the Eastern District of New York); *Janczuk v. United States*, No. 24-CV-3343 (LTS) (S.D.N.Y. filed Apr. 30, 2024); *Janczuk v. United States*, No. 24-CV-3420 (UA) (S.D.N.Y. filed Apr. 30, 2024); *Janczuk v. United States*, No. 24-CV-2387 (LTS) (S.D.N.Y. Apr. 12, 2024) (transferred to the United States District Court for the Eastern District of New York); *Janczuk v. United States*, No. 24-CV-2738 (LTS) (S.D.N.Y. filed Apr. 9, 2024); *Janczuk v. United States*, No. 24-CV-2754 (LTS) (S.D.N.Y. filed Apr. 8, 2024); *Janczuk v. United States*, No. 24-CV-2749 (LTS) (S.D.N.Y. filed Apr. 8, 2024); *Janczuk v. Fed Commc'ns Comm'n*, No. 24-CV-2445 (LTS) (S.D.N.Y. filed Mar. 29, 2024).

In light of Plaintiff's litigation history, Plaintiff is warned that continued submission of actions determined to be frivolous or without merit may result in an order directing her to show cause why she should not be barred from filing new civil actions IFP in this court without prior permission to file from the court. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff is warned that continued submission of actions determined to be frivolous or without merit may result in an order directing her to show cause why she should not be barred from filing new civil actions IFP in this court without prior permission to file from the court. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See* *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:    August 6, 2024
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

6